IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ROBERT STEVEN DUDLEY,
TDCJ-CID No. 1763466,

    Plaintiff,

v.                                                    2:23-CV-146-Z-BR

SENIOR WARDEN ADAM GONZALES,
*et al.*,

    Defendants.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to Grant Defendants' Motion for Summary Judgment. ECF No. 73. Plaintiff has filed objections to the FCR. ECF No. 74.

After making an independent review of the pleadings, files, records, and objections in this case, the District Judge **OVERRULES** Petitioner's Objections (ECF No. 74) and concludes that the FCR of the Magistrate Judge is correct. ECF No. 73. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is hereby **DISMISSED with prejudice.**

LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the 14-day period, the Court reviews the Magistrate

Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

Plaintiff's Objections are untimely, as they were not filed within the applicable fourteen-day period set by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502.

Plaintiff (1) "objects to Defendants' version of events," as he believes that their "statements don't match" and thus "Defendants are committing acts of perjury and falsifying documents"; (2) "objects to Defendants being granted qualified immunity"; and (3) "objects to the legal analysis." ECF No. 74 at 1–3. Plaintiff asserts that Defendants "are withholding or destroyed" video footage of the attack and such footage "could prove his allegations." *Id.*

But Plaintiffs objections fail to reveal any plain error regarding the Magistrate Judge's FCR. As discussed in the FCR, among other things, (1) Plaintiff's "generalized allegations are insufficient as a matter of law to establish deliberate indifference by any Defendant"; (2) Plaintiff "has failed to provide evidence indicating deliberate indifference" by Officer Stephanie Porras, Sergeant Luis Velarde, Officer Leo Ramirez, Captain Diana Gonzales, or Assistant Warden William Jones; and (3) Plaintiff has "failed to meet his burden to provide relevant case law sufficient to defeat summary judgment." ECF No. 73 at 8–19. Accordingly, Plaintiff's objections should be overruled and the Magistrate Judge's FCR should be adopted.

CONCLUSION

For the foregoing reasons, Petitioner's Objections (ECF No. 74) are **OVERRULED**. The Court **ADOPTS** the FCR of the Magistrate Judge (ECF No. 73) and **GRANTS**

Defendants' Motion for Summary Judgment (ECF No. 49). This case is **DISMISSED with prejudice**.

**SO ORDERED.**

July 25, 2025

*/s/ Matthew J. Kacsmaryk*
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE